James R. Patterson, SBN 211102
Allison H. Goddard, SBN 211098
Jacquelyn E. Quinn, SBN 314616
PATTERSON LAW GROUP
1350 Columbia Street, Suite 603
San Diego, CA 92101
Tel: (619) 756-6990
Fax: (619) 756-6991
jim@pattersonlawgroup.com
ali@pattersonlawgroup.com
jackie@pattersonlawgroup.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK PHOTOGLOU, individually and on behalf of a class of similarly situated individuals,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>EIGHT SLEEP INC., a Delaware corporation,<br><br>　　　　　　Defendant. | Case No.　**'18CV1038 BEN AGS**<br><br>**CLASS ACTION COMPLAINT**<br><br>**Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.)**<br><br>DEMAND FOR JURY TRIAL |

Class Action Complaint

Plaintiff Mark Photoglou brings this Class Action Complaint against Defendant, Eight Sleep Inc. ("Eight Sleep"), to stop Defendant's practice of making unsolicited text message calls to consumers' cellular telephones, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows based upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## INTRODUCTION

1. While conducting its "smart mattress" business, Eight Sleep engaged in an invasive and unlawful form of communication: the transmission of unauthorized "text message" calls to the cellular telephones of consumers throughout the nation.

2. In doing so, Eight Sleep captured the cellular telephone numbers of consumers who called its company and, without consent or warning, transmitted text messages to those numbers.

3. By effectuating these unauthorized text message calls (hereinafter, "text messages" or "SMS Messages"), Defendant has violated consumers' statutory and privacy rights and caused consumers actual harm, not only because consumers were subjected to the aggravation and invasion of privacy that necessarily accompanies such unauthorized text messages, but also because consumers frequently have to pay their cell phone service providers or incur a usage allocation deduction from their calling plans for the receipt of such text messages, notwithstanding that the text messages were made in violation of specific legislation on the subject.

4. Plaintiff and the Class members suffered a concrete injury in fact conferring standing to bring this lawsuit.

5. In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class of similarly situated individuals, brings this suit under the Telephone

Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), which prohibits unsolicited voice and text calls to cell phones.

6. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited text message activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the action arises under the federal TCPA.

8. This Court has personal jurisdiction over Defendant under California Code of Civil Procedure § 410.10 because certain of the acts alleged herein were committed in California and because Defendant does business in California.

9. Venue is proper in the United States District Court for the Southern District of California under 28 U.S.C. § 1391(b), because the Defendant is deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this district are sufficient to subject it to personal jurisdiction. On information and belief, Defendant has made the same calls that Plaintiff complains of within this judicial district.

## PARTIES

10. Plaintiff Mark Photoglou is a citizen and resident of the State of California.

11. Defendant, Eight Sleep Inc., is a Delaware corporation with its principal place of business located in New York City, New York. Defendant is a mattress company that distributes, markets, and sells its mattresses to thousands of consumers in California and elsewhere throughout the nation.

/ / /

/ / /

Class Action Complaint  3

## FACTUAL ALLEGATIONS

12. In 1991, Congress enacted the TCPA in response to consumer complaints regarding the proliferation of invasive and harassing telephone calls to individuals by businesses.

13. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," and artificial voice or pre-recorded telephone calls. Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of an artificial or prerecorded voice, and autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

14. One way that businesses invade consumers' privacy is through the abuse of Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

15. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

16. The FCC has clarified that "SMS" text messages qualify as "calls" under the TCPA.

17. SMS messages invade privacy and can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether the message is authorized.

18. On September 17, 1992, the FCC released a Declaratory Ruling that specified that if a consumer's telephone number is captured by a caller ID or ANI

Class Action Complaint
4

device without notice, the consumer cannot be considered to have given an invitation or permission to receive autodialed calls.

19. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a cellular number are permitted only if the calls were made with the "prior express consent" of the called party.

20. Since then the FCC promulgated several other orders necessarily limiting the phone calls that can be made by telemarketers. In 2012, the FCC expanded the scope of the TCPA by eliminating the established business relationship exemption for all telemarketing calls, mandating that all telemarketing calls require prior express written consent to be obtained from the called party.

21. Beginning in 2017 or earlier, Defendant and its agents captured the cell phone numbers of consumers who called Defendant and then, without any consent, caused the transmission of text messages to those captured cell phone numbers.

22. For instance, on or about December 2017, Plaintiff attempted to call Eight Sleep to ask a question. One option on the automated "option tree" was to receive a text message from Eight Sleep. Plaintiff specifically did not choose the text message option.

23. Rather, Plaintiff chose the option to speak with an individual and, upon receiving no answer from a live person, Plaintiff hung up the phone.

24. Almost immediately thereafter, Plaintiff's cell phone rang, indicating that a text call was being received.

25. The "from" field of the transmission was identified as an SMS long code operated by Defendant and/or its agents. The body of such text message read:

> "Thanks for calling Eightsleep! We cannot get to you at the moment, but let us know your email, order number and question so that we reference your case.

> We should get back to you within 12-24 hours! Your patience in much appreciated and we look forward to helping you.
>
> Text "TEXT" for us to text you back for further assistance and let us know what we can do for you"

26. Defendant's use of an SMS long code enabled Defendant's transmission of large quantities of text messages to cellular telephone numbers that it captured.

27. Defendant did not include in the body of the message any manner by which Plaintiff or other class members could opt out of receiving further messages.

28. At no time did Plaintiff provide any consent, to receive the above-referenced message or any other such wireless spam from Defendant, its agents, or partner entities.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action on behalf of himself and a nationwide class (the "Class"), defined as:

> All persons in the United States who, within four years prior to the commencement of this litigation, received one or more text message calls from Defendant on their cellular telephone without providing any consent to receive such messages.

30. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

31. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class

treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

32. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the text messages at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

33. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of Defendant's unlawful transmission of the text messages alleged herein.

34. Upon information and belief, there are at least hundreds of members of the Class such that joinder of all members is impracticable.

35. Common questions of law and fact exist as to all members of the Class, and such questions predominate over questions affecting Plaintiff or individual members of the Class. Common questions for the Class include, but are not limited, to the following:

    (a) Did Defendant and/or its agents send one or more text messages to members of the Class?

    (b) Did Defendant and/or its agents use an automatic telephone dialing system to transmit the text messages at issue?

    (c) Did Defendant and/or its agents transmit text messages to persons who did not previously provide Defendant any consent to receive such messages?

    (d) Did the text messages transmitted by Defendant violate the TCPA?

(e) Are the Class members entitled to treble damages based on the willfulness of Defendant's conduct?

(f) Should Defendant be enjoined from engaging in such conduct in the future?

36. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for any personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**

**(47 U.S.C. § 227, et seq.) on behalf of the Class**

37. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

38. Defendant directed the placement of unsolicited text message calls to the wireless telephone numbers of Plaintiff and the other members of the Class using equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to automatically dial such numbers without human intervention.

39. These text message calls were made without the any consent of Plaintiff and the Class members.

40. Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

41. As a result of Defendant's illegal conduct, the members of the Class have had their privacy rights violated, have suffered actual and statutory damages and,

under section 227(b)(3)(B), and are each entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

42. To the extent Defendant knew or should have known that the Class members did not provide any consent to be sent the unauthorized text messages at issue, the Court should, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and members of the Class.

## PRAYER FOR RELIEF

WHEREFORE**,** Plaintiff, individually and on behalf of the Class, respectfully prays for the following relief:

A. An order certifying the Class as defined above;
B. An award of statutory damages;
C. An injunction requiring Defendant to cease all unauthorized text messaging activities;
D. An award of reasonable attorneys' fees and costs; and
E. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff request trial by jury of all claims that can be so tried.

Dated:  May 24, 2018                     Respectfully submitted,

PATTERSON LAW GROUP APC

By: /s/ James R. Patterson

James R. Patterson, SBN 211102
Allison H. Goddard, SBN 211098
Jacquelyn E. Quinn, SBN 314616
1350 Columbia Street, Suite 603
San Diego, CA 92101
Tel: (619) 756-6990
Fax: (619) 756-6991
jim@pattersonlawgroup.com

Class Action Complaint                                  9

ali@pattersonlawgroup.com
jackie@pattersonlawgroup.com

*Attorneys for Plaintiff*